UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TERRY HUSPON, )
)
Petitioner, )
)
v. ) No. 1:18-cv-01518-TWP-MJD
)
DUSHAN ZATECKY, )
)
Respondent. )

**ENTRY GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Terry Huspon for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISR 18-01-0169. For the reasons explained in this Entry, Mr. Huspon's habeas petition must be **granted.**

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On January 22, 2018, Officer S. Foster issued a Report of Conduct (Conduct Report) charging Mr. Huspon with a violation of Code 228, Possession of Altered Property. Dkt. 13-1. The Conduct Report stated: "On January 22, 2018, at approx. 5:00 am I was searching Offender Huspon #882533 cell and found that his mat had two cuts in the seems." *Id.* The mattress was logged in to evidence, photographed, and destroyed. Dkts. 13-2, 13-3.

Mr. Huspon was notified of the charge against him on January 28, 2018 when he received a copy of the Conduct Report and Screening Report. Dkts. 13-1, 13-4. He pleaded not guilty to the charge and did not request to call any witnesses or receive any physical evidence. Dkt. 13-4.

A hearing was held on January 31, 2018. Dkt. 13-6. At the hearing, Mr. Huspon pleaded not guilty and stated, "I still got the matress they gave me." *Id.* The hearing officer noted that Mr. Huspon "became disorderly stating I was there to railroad him screaming and yelling." *Id.* The hearing officer concluded that Mr. Huspon was guilty of violating Code 228. *Id.* The sanctions imposed included three months' time in disciplinary segregation and deprivation of 90 days of earned credit time. *Id.*

Mr. Huspon filed an appeal to the facility head, which was denied on March 5, 2018. Dkts. 13-8, 13-9. He then appealed to the Final Review Authority, who denied his appeal on April 18, 2018. Dkt. 13-9. Mr. Huspon brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Huspon appears to raise two challenges to his disciplinary proceeding. First, he argues that he was denied evidence when he was not given witness statements or allowed to call witnesses. Dkt. 1 at 1, 3. Second, Mr. Huspon challenges the sufficiency of the evidence supporting his

conviction.[1] Dkt. 1 at 1. The Court will address only Mr. Huspon's challenge to the sufficiency of the evidence as it warrants a grant of habeas relief.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

An inmate violates Code 228 when he has "[u]nauthorized possession of any item of property that has been altered or modified from its intended use *for the purpose of being used as a weapon*." Indiana Dep't of Correction Adult Disciplinary Process Appendix I: Offenses, at 6 (effective June 1, 2015) (emphasis added). Here, there is no evidence that the alterations to Mr. Huspon's mattress—two cuts in the seams, *see* dkt. 13-1—were for the purpose of using the mattress as a weapon. The Conduct Report includes no such allegation, and the hearing officer relied only on the Conduct Report when making the determination of guilt. Dkts. 13-1, 13-6. Mr. Huspon is entitled to habeas relief on this ground.

---

[1] The respondent asserts that Mr. Huspon raised only one issue—denial of his right to present witness statements and call witnesses. *See* dkt. 13 at 4. However, Mr. Huspon identified "sufficient evidence" on the first page of his petition. *See* dkt. 1 at 1. Additionally, in his reply, Mr. Huspon took issue with the respondent's characterization of his challenges to the disciplinary proceeding, and the only argument contained in Mr. Huspon's reply addresses sufficiency of the evidence. *See* dkt. 14. Mr. Huspon's filings are sufficient to notify respondent of his challenge to the sufficiency of the evidence.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Because there was insufficient evidence of Mr. Huspon's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed in case ISR 18-01-0169 must be **vacated and rescinded**. Accordingly, Mr. Huspon's petition for a writ of habeas corpus is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/29/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRY HUSPON
882533
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov